IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Derlean Singleton, | Case No. 3:08 CV 2958 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Commissioner of Social Security, | |
| Defendant. | |

### INTRODUCTION

Plaintiff Derlean Singleton filed a Complaint (Doc. No. 3) against the Commissioner of Social Security seeking judicial review of the Commissioner's decision to deny Supplemental Social Security Income (SSI) and Disability Insurance Benefits (DIB). This Court has jurisdiction under 42 U.S.C. § 405(g). This case was referred to United States Magistrate Judge Gallas for a Report and Recommendation (R&R) pursuant to Local Rule 72.2(b)(2).

After briefing on the merits by both parties, the Magistrate recommended that the Court affirm the Commissioner's decision to deny Plaintiff's claims for SSI and DIB (Doc. No. 18). Plaintiff filed an Objection to the R&R (Doc. No. 19), to which Defendant replied (Doc. No. 20).

In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has reviewed the Magistrate's findings de novo. For the reasons set forth below, this Court adopts the Magistrate's recommendation to affirm the Commissioner's decision.

**BACKGROUND**

The R&R accurately recites the relevant factual and procedural background from the record (Doc. No. 18, pp. 1-2), and this Court adopts that portion of the R&R in its entirety.

As a brief background, Plaintiff sustained a back injury during a car accident in 2003, when she was 59 years old. Prior to that injury, Plaintiff was employed as a home care aide, a daycare provider, and a cleaner. In February 2004, Plaintiff applied for SSI and DIB, alleging that she had been disabled since October 26, 2003. Her application was denied both initially and upon reconsideration. After a hearing on June 28, 2006, Administrative Law Judge Stam (ALJ) found that Plaintiff had lumbar degenerative disc disease, a "severe impairment" under the Social Security regulations. Despite this impairment, the ALJ found that Plaintiff was capable of performing past relevant work as a cleaner and home care aide, and therefore Plaintiff was "not disabled" for purposes of receiving Social Security benefits (Tr. 15-20). The Magistrate recommended the Court affirm the ALJ's decision.

**STANDARD OF REVIEW**

In reviewing the denial of SSI and DIB, this Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. §405(g)). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc.*

*Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (quoting 42 U.S.C. § 405(g)). Even if substantial evidence or indeed a preponderance of the evidence supports a claimant's position, the court cannot overturn "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). However, procedural errors can be a basis for overturning the decision of the Commissioner, even if that decision is supported by substantial evidence. *See Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

### STANDARD FOR DISABILITY

Eligibility for DIB and SSI is predicated on the existence of a disability. 42 U.S.C. § 423(a). "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (definition used in DIB context); *see also* 20 C.F.R. § 416.905(a) (definition used in SSI context). The Commissioner's regulations governing the five-step evaluation of disability for DIB and SSI are identical for the purposes of this case, and are found at 20 C.F.R. §§ 404.1520 and 416.920, respectively:

1. Was claimant engaged in a substantial gainful activity?

2. Did claimant have a medically determinable impairment, or a combination of impairments, that is "severe," which is defined as one which substantially limits an individual's ability to perform basic work activities?

3. Does the severe impairment meet one of the listed impairments?

4. What is claimant's residual functional capacity and can claimant perform past relevant work?

5. Can claimant do any other work considering her residual functional capacity, age, education, and work experience?

Under this five-step sequential analysis, the claimant has the burden of proof in Steps One through Four. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at Step Five to establish whether the claimant has the residual functional capacity to perform available work in the national economy. *Id.* The court considers claimant's residual functional capacity, age, education, and past work experience to determine if claimant could perform other work. *Walters*, 127 F.3d at 529. Only if a claimant satisfies each element of the analysis, including inability to do other work, and meets the duration requirements, is he or she determined to be disabled. 20 C.F.R. § 404.1520(b)-(f); *see also Walters*, 127 F.3d at 529.

## DISCUSSION

Plaintiff raises two objections to the Magistrate's R&R. Both focus on the ALJ's determination of residual functional capacity at Step Four. First, Plaintiff argues the ALJ erred when she rejected Plaintiff's "sincere" allegations of pain because they were supported by "little objective evidence." Second, Plaintiff argues that the ALJ erred when she failed to give sufficient weight to the medical opinion of Plaintiff's treating physician.

### Claimant's Allegations of Pain

Plaintiff contends that "little objective evidence" is not a sufficient reason to reject statements of sincere pain. Specifically, Plaintiff claims that the ALJ decision violates 20 C.F.R. § 404.1529(c)(2) and § 416.929(c), which state, "[the agency] will not reject [claimant's] statements about the intensity and persistence of [claimant's] pain or other symptoms or about the effect [claimant's] symptoms have on [claimant's] ability to work solely because the available objective medical evidence does not substantiate [claimant's] statements." Plaintiff relies on this regulation to argue that her credible statements of pain are by themselves enough to qualify her for benefits, and

4

that the ALJ's decision was contrary to the Social Security regulations. *See Bowen*, 478 F.3d at 746 ("[A] decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.").

However, Plaintiff's argument mischaracterizes the nature of the ALJ's conclusion. The ALJ did not reject Plaintiff's allegations of pain and therefore did not violate 20 C.F.R. § 404.1529(c)(2) or § 416.929(c). Rather, the ALJ accepted Plaintiff's allegations of pain as true, but held that the record lacked enough objective evidence to warrant a finding of disability (Tr. 19). That conclusion was wholly consistent with the regulations' directions about evaluations of pain.

A two pronged analysis should be used to evaluate the merits of any claim based on subjective complaints of pain. *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 247 (6th Cir. 2007) (citing 20 C.F.R. § 416.929(a)). Under this analysis, the first step asks whether there is an "underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms." *Id*. The second step requires the ALJ to evaluate "the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities." *Id*. As part of this second step, the ALJ may look to the following factors:

1. The claimant's daily activities;

2. The location, duration, frequency, and intensity of pain or other symptoms;

3. Precipitating and aggravating factors;

4. The type, dosage, effectiveness, and side effects of any medication taken to alleviate the pain or symptoms;

5. Treatment, other than medication, undertaken to relieve symptoms;

>    6.   Other measures taken to relieve symptoms (e.g. lying down or changing positions);
>
>    7.   Other factors bearing on the limitations of the claimant to perform basic work functions.

*See* S.S.R. 96-97p, 1996 WL 374186 at *2; 20 C.F.R. § 404.1529(c)(3)(i-vii); § 416.929(c)(3)(i-vii).

If the ALJ rejects the individual's claim, the decision must contain clearly stated reasons for doing so. *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994). Specifically, the ALJ must be clear enough in her explanation so that the claimant and any subsequent reviewers will know "the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Rogers*, 486 F.3d at 248 (quoting SSR 96-97p).

In the present case, the ALJ found that Plaintiff satisfied the first step because lumbar degenerative disc disease could reasonably be expected to produce the type of pain that Plaintiff had experienced (Tr. 19). However, at the second step the ALJ found that Plaintiff's subjective complaints were supported by "little objective evidence" (Tr. 19). This objective evidence included both medical evidence and evidence of the seven factors listed above. Specifically, the ALJ noted that Plaintiff's examinations revealed "only a few abnormalities," and that Plaintiff retained the ability to walk unassisted, had no loss of sensory or motor functioning, and suffered no damage to her neurological functions. The ALJ also considered the daily routine of Plaintiff and noted the self described limitations of Plaintiff (Tr. 19). After this detailed review of the evidence, the ALJ was not convinced that Plaintiff was disabled under the definition of the term.

Thus, contrary to Plaintiff's assertion, the ALJ did not reject Plaintiff's subjective complaints of pain. Rather, after considering her complaints, along with other evidence in the record, the ALJ

6

determined her symptoms did not render her "disabled." This determination was made in accordance with regulatory procedure and was supported by substantial evidence.

### Treating Physician Opinion

Plaintiff argues that the ALJ erred when she rejected the testimony of Dr. Williams, a treating physician. Generally, the medical opinions of treating physicians are accorded greater deference than non-treating physicians. *Rogers,* 486 F.3d at 242. "Because treating physicians are 'the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone,' their opinions are generally accorded more weight than those of non-treating physicians." *Id*. (quoting 20 C.F.R. § 416.927(d)(2)). A treating physician's opinion is given "controlling weight" if supported by "medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." *Id*. (*quoting Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)).

Even if the treating physician's opinion is not entitled to "controlling weight," there is nevertheless a rebuttable presumption that it deserves "great deference" from the ALJ. *Id.* In determining the weight to be given to an opinion, the ALJ must consider certain factors. *Bowen v. Commissioner of Soc. Sec.*, 478 F.3d 742, 747 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). Specifically, the ALJ must consider "(1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the supportability of the opinion, (4) the consistency of the opinion with the record as a whole, and (5) the specialization of the treating source." *Id*. (citing 20 C.F.R. § 404.1527(d)). Importantly, the ALJ must give "good reasons" for the weight it gives a treating physician's opinion. *Id*.

Here, it is clear that the ALJ properly addressed the factors established by the regulations and explained her reasons for dismissing the opinion of Dr. Williams.  Specifically, the ALJ noted that Plaintiff had only visited Dr. Williams once; the visit occurred over two years after the car accident that caused the pain; many of the treatment records relied on by Dr. Williams came from other caregivers; Dr. Williams' evaluation was contradictory in that he found Plaintiff unemployable even though Plaintiff's health status was listed as "good/stable with treatment"; other medical evidence showed that Plaintiff had tested negative for abnormalities; and Dr. Williams, as a family practitioner, did not have the same level of specialization as other doctors who had cleared Plaintiff for light work (Tr. 16-18).

In light of this extensive, well-supported analysis, the ALJ's decision to reject the treating physician's opinion was not error.[1]

## CONCLUSION

The ALJ's conclusions were supported by substantial evidence and were procedurally sound. Accordingly, this Court adopts the Magistrate's recommendation to affirm the denial of benefits.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 29, 2010

---

[1] Plaintiff also contends that the R&R incorrectly ruled that any error in the ALJ's analysis was harmless because Plaintiff failed to meet the minimum time requirement for a finding of disability. Plaintiff argues that this conclusion entailed impermissible *post hoc* factual determinations by the Magistrate. This Court need not address this contention because of its conclusion that the ALJ permissibly rejected Dr. Williams' opinion.